IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ASRAF ROBINSON, #2229990,    ) | |
|     Plaintiff,    ) | |
| vs.    ) | No. 3:19-CV-2805-L (BH) |
|    ) | |
| MARIAN BROWN, et al.,    ) | |
|     Defendants.    ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Petition for A Writ of Habeas Corpus by a Person in State Custody*, received on November 25, 2020. (*See* doc. 3.) Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

Asraf Robinson (Plaintiff), an inmate in the Ruben M. Torres Unit of the Texas Department of Criminal Justice, filed a petition on the standard form for petitions for writ of habeas corpus under 28 U.S.C. § 2254. (*See* doc. 3.) Because his filing does not challenge a conviction or his custody and instead alleges that he was assaulted while in custody and received inadequate medical care, his action was liberally construed as a civil rights action arising under 42 U.S.C. § 1983 instead of as a § 2254 habeas action. (*See* doc. 4.) By *Notice of Deficiency and Order* dated November 27, 2019, the plaintiff was notified that he had not filed his action on the appropriate form and either paid the filing fee for a non-habeas civil action or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 5.) The order specifically advised the plaintiff that he must file his complaint on the proper form and either pay the filing fee or file his IFP application within thirty days, and that a failure to do so could result in the dismissal of his case. (*See id.*) Attached to the order were

---

[1] By *Special Order No. 3-251*, this pro se prisoner civil rights case has been automatically referred for judicial screening.

copies of a civil rights complaint form, and an IFP application. (*See id.*)

On March 31, 2020, the plaintiff's request for an extension of time to pay the filing fee was received, it was granted on April 2, 2020, and the deadline was extended until May 2, 2020. (*See* docs. 6, 7.) By order dated April 20, 2020, his second motion for an extension was granted, and his deadline to file his complaint on the proper form and to pay the filing fee was extended until May 16, 2020. (*See* docs. 8, 9.) Included with the order were additional copies of a civil rights complaint form and an IFP application. (*See* doc. 9.)

As of this date, the plaintiff has not filed his complaint on the proper form and either paid the filing fee or filed an IFP application. Nor has he filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The plaintiff failed to comply with the May 12, 2020 order that he file his complaint on the proper form and pay the filing fee or submit an IFP application within thirty days, despite a warning that failure to do so could result in dismissal of the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files his complaint on the proper form

and either pays the filing fee or submits his completed application to proceed *in forma pauperis* within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED** on this 6th day of July, 2020.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE